---

MILLE LACS LUMBER COMPANY v. CHARLES KEITH and Others.

December 15, 1899.

Nos. 11,818—(136).

### Principal and Agent—Adverse Title Acquired by Agent.

While K. was in plaintiff's employ, in the year 1884, he examined the titles to lands in a certain county, which plaintiff corporation then claimed to own. He then wrote a letter to such corporation, in which he reported its title perfect to a certain tract. He had no abstract of title when making his examination, and relied upon the grantors' and grantees' reception books, kept by the register of deeds as by law required. The conveyances on record, noted and entered in these books, showed plaintiff's title to the land to be perfect, but, as a matter of fact, there had been recorded, but not noted or entered in either of these reception books, a deed of conveyance to one D., which rendered plaintiff's title or claim of title of no value. K. did not discover this, and no claim is made that he was negligent in not discovering the record of such a deed. Nor is it contended that he did not act in perfect good faith when searching the records and when writing the letter. Eleven years after leaving plaintiff's employ, K., in good faith, bought the land, with several other tracts, from one S., who was supposed to be the grantee of D., and obtained a conveyance from him. In an action brought by plaintiff against K., and also against other persons to whom he had conveyed, it is *held* that K. cannot be adjudged to have been a trustee of the land for the plaintiff, on the ground of the former relations existing between them.

## On Reargument.

### February 2, 1900.

**Reversal upon Reargument.**

A reargument having been ordered in this case, it is *held* that the conclusion heretofore rendered was erroneous, and that the order appealed from must be reversed.

**Same.**

All that was said in the former opinion as to the rules of law applicable to the supposed state of facts is withdrawn, leaving all questions which may arise if such facts are established at another trial to be determined de novo.

Action in the district court for Mille Lacs county to recover judgment that the title to certain land be decreed to be by defendants held in trust for plaintiff, and that defendants be required to convey to plaintiff, and in default that plaintiff recover the value of the premises. The case was tried before Searle, J., who granted defendants' motion to dismiss the action; and from an order denying a motion for a new trial, plaintiff appealed. Reversed on reargument.

*Stevens, O'Brien, Cole & Albrecht,* for appellant.

One who occupies a fiduciary relation in respect to property is disabled from purchasing it, and is regarded as trustee if he do purchase. Fraud need not be shown, and no excuse from the trustee will be heard. King v. Remington, 36 Minn. 15. The rule is broad enough to include anyone who has access to the papers of his principal. Keech v. Sandford, 1 White & T., Lead. Cas. pt. 1, 48–73. An attorney cannot use information received from his client. Weeks, Attys. § 279. See Id. §§ 174, 277. If counsel be retained to defend a particular title to land, he can never thereafter, unless by his client's consent, buy the opposing title without holding it in trust for those then having the title. Henry v. Raiman, 25 Pa. St. 354; Baker v. Humphrey, 101 U. S. 494; Davis v. Kline, 96 Mo. 401. An attorney may in no case, without his client's consent, buy and hold, otherwise than in trust, any adverse title or interest touching the thing to which his employment relates. Baker v. Humphrey,

supra; Davis v. Kline, supra.    The principle applies in cases other than those of attorney and client.    Baker v. Humphrey, supra.

*Warner, Richardson & Lawrence,* for respondent Keith.
*S. & O. Kipp,* pro se.

COLLINS, J.

All during the year 1884, defendant Keith was in plaintiff's employ.    From a letter written by him in March of that year addressed to Hon. Greenleaf Clark, but which will be treated by us as if written directly to plaintiff company, it appears that Keith, although not then admitted to the bar, examined and reported upon titles to land in Mille Lacs county which plaintiff claimed to own. The letter was written with reference to these titles, and it was therein stated that plaintiff's title to the premises now in controversy was perfect.    As a matter of fact, the title to this particular tract was not in the plaintiff; but it is not claimed that Keith acted in bad faith, or that he was negligent in failing to discover the defect in plaintiff's title.    He was not furnished with an abstract, and in his research relied upon the grantors' and grantees' reception books, kept in the office of the register of deeds as required by law, together with an examination of the conveyances therein noted and entered.    From these books it appeared that Rollins, to whom the government patent had been issued, conveyed the land to one Hayden in 1881, and that plaintiff had properly succeeded to Hayden's rights.    But when Rollins conveyed to Hayden there was on record a conveyance of the land, executed and delivered in 1881 by Rollins, the patentee, to one Davis, so that plaintiff's title was wholly defective.    This conveyance was not noted or entered in either of the reception books, and was not discovered by Keith, nor did he learn of it, until 1896, some 12 years after he wrote the letter, and about 11 years after he had left plaintiff's service, and at a time when he had entirely forgotten that he, in 1884, had made an examination of the title thereto for plaintiff.

In the belief that Davis had sold and conveyed the land to one Sanborn, Keith purchased this tract from the latter, with several other pieces, obtained a deed, placed it on record, and then sold and conveyed the premises to defendants S. & O. Kipp.    This

action was brought to obtain a decree declaring the land to be held in trust for plaintiff company, and also directing its conveyance to plaintiff by the defendants, upon the ground that the purchase by Keith inured to the benefit of plaintiff, and that when obtaining the conveyance from the former the Kipps were advised of the relations which existed between him and plaintiff, and had full knowledge of its rights and equities in the premises. A money judgment was also demanded against defendants for the value of the land, in case the title to the same could not be conveyed to plaintiff. In his answer defendant Keith asserted that he acquired complete title to the land through the Sanborn deed, and that he conveyed perfect title to the Kipps. In their answer the latter alleged that they were good-faith purchasers, without notice or knowledge of plaintiff's claims, and also averred that they were the owners in fee of the premises.

At the trial both parties seem to have been surprised on discovering that the deed of conveyance through which it was supposed Sanborn acquired title was not executed by Davis, to whom Rollins had deeded in 1859, but, according to the record, was executed by one "Davie," and no effort was made to show that, in fact, it was executed by the Davis named as grantee in the Rollins deed. At the conclusion of the testimony, the case was dismissed as to all of the defendants. The appeal is from an order denying plaintiff's motion for a new trial.

Counsel for the latter invoke in this case, and seek to have applied, the doctrine, which they claim is well settled by the authorities, that an agent shall not be permitted to take advantage of, or to profit by means of, the discovery of a defect in the title of his principal to real property, and that if he does misuse information which he has obtained in respect to such title, and acquires the same himself, he must be held as a trustee of such title for his principal. In fact, counsel go further, and insist that this is a case for the application and enforcement of the rule which has sometimes been announced as controlling between attorney and client, namely, that, without the latter's consent, the former can in no case, and at no time, buy and hold, otherwise than in trust, any adverse title or in-

terest touching the client's real estate to which the attorney's present or past employment was related.

It is undoubtedly true that any person to whom has been intrusted the examination of the titles of his employer's real estate occupies a relation towards such employer of a confidential and fiduciary nature, not specially different in character from that occupied by an attorney at law to whom has been confided the examination of a client's title to real property. Such a person is an agent for that special purpose, and must not violate or betray the trust. This principle is applied to trust relationships, seemingly, of a less inviolable character than that which subsists between attorney and client, as will be found upon an examination of the authorities. But the whole doctrine, whenever applied as to an agent or an attorney, rests upon the proposition that the interests of the principal and of the client must be protected and made secure, and that in the particular instance there has been a fraudulent betrayal of the trust and confidence which such principal or client has placed in his agent or attorney to whom he has intrusted the examination of his real-estate titles. Now, in this case, it conclusively appears that Keith obtained no information while in plaintiff's employ on which can be based a claim that when subsequently acquiring the Davis title, as he supposed, he was guilty of fraud upon his former employer. He learned nothing when investigating the title to the tract in dispute on which can be predicated an assertion that he knowingly or ignorantly took advantage of his principal. He betrayed no trust or confidence, when, after 12 years, he procured the Sanborn deed. As before stated, there is no claim that, when examining the title, Keith was negligent; for he could not have discovered the deed from Rollins to Davis without reading the records from the earliest entries up to and including that particular instrument.

Without attempting to define precisely how far we should go in enforcing the well-settled rules which control all transactions wherein an agent or an attorney has used his position and knowledge to further his own interests, we are safe in saying that there are no adjudicated cases which go to the extent required here in order to hold that whatever rights or interests Keith obtained

through the Sanborn deed inured to the plaintiff, and must be awarded to it, because of the relations which had previously existed between them. The principles upon which the doctrine is founded fall far short of supporting the claim of plaintiff's counsel. There might be circumstances, in a case of this character, whereby one who had been an agent would be estopped from asserting a title in opposition to that held by his principal; but this is not a case of estoppel, for a number of reasons. Holding, as we do, that Keith cannot, on the facts, be adjudged to have been a trustee of the land for plaintiff, it follows that no relief could be had as against any of the defendants, and that the case was properly dismissed as to all.

Order affirmed.

On February 2, 1900, the court rendered the following decision:

PER CURIAM.

A misapprehension as to what plaintiff's counsel conceded the facts to be upon the argument of this cause led to certain misstatements in the opinion heretofore filed, and, upon this being made to appear, a petition for reargument was granted. On such reargument, we are satisfied that the order appealed from must be reversed. This conclusion leads us to withdraw all that was said in that opinion in respect to the law applicable to the supposed facts. This leaves all questions which may arise if such facts should be established at another trial to be determined de novo.

We have heretofore stated generally the allegations of the complaint In addition to charging defendants Keith and S. & O. Kipp with bad faith,—the former when purchasing from Sanborn, and the latter when receiving a conveyance from Keith,—the complaint set forth that the Kipps by virtue of the conveyance claimed to have some right, title, and interest in and to the land adverse to plaintiff's title. By the allegations of their answer the defendants Kipp set up an adverse claim, alleged that the premises were vacant and unoccupied, that they were the owners and entitled to possession, and demanded that the title be quieted and adjudged to be in them in fee simple. The answer of defendant Keith, while drawn somewhat peculiarly, must for present purposes be construed as denying plaintiff's title to the land, or that it has any rights or interests

therein as against either of the defendants, and as alleging title in Keith up to the time he conveyed to S. & O. Kipp, and that thereupon they became the owners. And, notwithstanding that the testimony is meager as to Mr. Clark's connection with the plaintiff corporation when Keith wrote the letter, we remain of the opinion that it must be treated as if written directly to such corporation.

Now, when the case was dismissed on defendants' motion, it appeared from the evidence that plaintiff's title was complete and perfect. Rollins held the government patent of date February 4, 1854, and duly recorded. He conveyed to Hayden by deed bearing date December 7, 1881, and recorded upon the same day. Hayden deeded to Tod and Hammons on January 6, 1882, which deed was recorded October 23, 1882. The latter deeded to plaintiff December 1, 1882, and this deed was put on record November 27, 1883. Another conveyance relating to this land, which had been received in evidence when the case was dismissed, was a deed from Rollins to Ruth A. Davis of date November 2, 1859,—an earlier date than that found in the deed from Rollins to Hayden,—but it was not shown when this deed was recorded. According to the return to this court, this Davis deed was recorded January 21, 186-, an impossible date. It may have been recorded prior to the Hayden deed, December 7, 1881, or it may have been recorded later. Undoubtedly the fact can be shown when the case is again tried. Another conveyance relating to the land was a deed from Ruth A. Davie and husband to Sanborn, of date January 25, 1859, recorded September 28, 1859. It may be that Ruth A. Davis and Ruth A. Davie were one and the same, but no attempt was made to show it. In 1896 Sanborn deeded to defendant Keith.

It will be seen that, when the case was dismissed, plaintiff appeared to be the owner in fee of the land, while defendants, apparently without title, were asserting that Keith had been the owner, and that S. & O. Kipp were then the owners. A dismissal of the case left defendants exactly where they were when the issues were framed,—asserting title, but on the face of the evidence without any title whatever. Although the Kipps had insisted by their answer that plaintiff was not the owner and had no title or interest in or to the land, that it was vacant and unoccupied, and that they were

the owners and entitled to possession, and had demanded that plaintiff's adverse claim be determined as unfounded, the action was dismissed when plaintiff had at least made a prima facie case against the Kipps, independent of its right to relief as against Keith. The motion to dismiss should have been denied, and it is immaterial whether, as to Keith, the denial should have been placed on the ground that, as the proofs stood, his purchase from Sanborn inured to the benefit of his former principal, or, as against the Kipps, on the ground that plaintiff had established its own title in fee to land which they claimed adversely, or upon both grounds.

Order reversed.